### LANGERMAN v. McADAM et al.

(Common Pleas of New York City and County, Special Term. January, 1893.)

1. EXAMINATION OF PARTY BEFORE TRIAL—OBJECTIONS TO ORDER—CONTEMPT.
    Objections to an order requiring a party to submit to an examination before trial cannot be made on the hearing of a motion to punish such party for contempt in failing to obey the order, but such objections are only available on a motion to set the order aside.

2. SAME—NONPAYMENT OF WITNESS FEES.
    A party who has appeared before a referee and submitted to a partial examination is not entitled to witness fees for attendance on a subsequent day to which the examination was adjourned.

Action by Walter L. S. Langerman against George Harrison McAdam and Graham McAdam on a contract and for an accounting, in which plaintiff moved for an order requiring defendant George Harrison McAdam to show cause why he should not be punished for contempt for failure to appear in obedience to an order of the court and summons duly issued before a referee, and submit to examination before trial. Motion granted, and continued for final order.

The moving affidavit is as follows:

"City and County of New York—ss.: Jacob P. Berg, being duly sworn, says that on the 5th day of November, 1892, the Hon. Leonard A. Giegerich, one

of the justices of this court. made an order directing the defendants to appear on the 9th day of November, 1892, at 2 o'clock in the afternoon, before J. L. Weinberg, Esq., counsellor at law, at his office, 121 Nassau street, New York city, who was appointed referee to take the examination of the defendants, pursuant to said order. That such order was duly served upon said defendants, as will appear by the annexed affidavit of service. That such examination was duly adjourned from time to time until November 22d, when the said examination proceeded, and the defendant George Harrison McAdam was duly examined before such referee, and the same was thereupon again adjourned to December 1, at 2 o'clock, when said defendant George Harrison McAdam did not appear for further examination, which had been adjourned to the said 1st day of December, 1892, at 2 P. M. That under and pursuant to such order said defendant was required to produce certain books and papers in evidence, although he promised at said references to so produce the same, and that he has failed to do so. That on the 2d day of December, 1892, said referee, pursuant to such order, issued a summons commanding said George Harrison McAdam to appear before him on the 6th day of December, 1892, at 2 o'clock in the afternoon, to attend and be examined concerning the matters referred to in said order hereinbefore mentioned, which said summons was served on the said defendant George Harrison McAdam on the 3d day of December, 1892, and was paid the usual witness fees for so attending, which appears by the affidavits of Joseph R. Maxfield, hereto annexed. Upon the return day of said summons deponent attended the office of the referee from 2 to 3 o'clock, and, after waiting one hour for the appearance of George Harrison McAdam, to be examined pursuant to such order and summons to attend before the referee, and said George Harrison McAdam failed to appear. A certificate of such failure to appear is likewise hereto annexed; so, also, is the order which the Hon. Leonard A. Giegerich made as aforesaid, and the affidavit upon which the same was granted, and which heretofore has been served upon the said defendants. Deponent further says that the said George Harrison McAdam, in his failure to appear to continue his examination, and in his failure to appear upon the summons to attend before the referee, has perpetrated upon and extended to the court an indignity, and has been guilty of contempt in disobeying the said order and summons. Deponent therefore prays that an order to show cause be granted returnable in less than eight (8) days, for the reason that it is necessary to have this matter disposed of, and to compel the attendance of George Harrison McAdam upon such examination, for the reason that such facts elicited upon such examination, as well as the information to be elicited upon further examination, are necessary and material in the proper preparation of the plaintiff's complaint herein. That no previous application for this order has been made."

Defendant George Harrison McAdam resisted the motion on the grounds that such order was erroneously made; that the object in procuring the order was to obtain some admission by such defendant on which plaintiff could base a cause of action, and not to enable him to prepare his complaint; and that he had not been paid his witness fees for attendance on the adjourned day.

J. P. Berg, for the motion.

George A. Sterns, opposed.

BISCHOFF, J.　Defendant's objection to the consideration of the stenographer's minutes of the proceedings before the referee is sustained. The objections to the order requiring defendant to submit to examination may be urged on a motion to set that order aside, or to terminate or limit the scope of the examination, but they cannot be entertained on a motion to punish defendant for disobedience to the order, and the objections are therefore overruled.

The referee had power to adjourn the examination from time to time, (Code Civil Proc. § 876,) and the only witness fees to which defendant was entitled were those required to be paid on service of the order for his examination upon him, (Code Civil Proc. § 874.)

Defendant is permitted to purge himself of his alleged contempt by submitting to further examination before the referee at a time to be fixed in the order to be entered hereon; and this motion to punish him for alleged contempt is suspended until the examination is concluded, then again to be brought to a hearing upon three days' notice. The pendency of the examination and of this motion shall, however, be without prejudice to defendant's right to make such motion respecting the order for his examination as he may be advised.